The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award. However, the Full Commission amends the prior Opinion and Award with regard to the stipulations and the issue of jurisdiction. Specifically, the Opinion and Award of Deputy Commission Garner incorrectly included Stipulation #1 which stated that the parties agreed that they were subject to and bound by the act which is in direct conflict with the hearing transcript. This stipulation was inadvertently included in the Full Commission Opinion and Award filed October 29, 2001.
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The employer/employee relationship existed between defendant and plaintiff.
2. Defendant is non-insured.
3. Plaintiff alleges an injury by accident or a specific traumatic incident on September 2, 1999, resulting in a hernia for which defendant has denied liability.
4. Plaintiff's average weekly wage at the time of his alleged injury was $325.00.
5. The issues before the Commission are whether plaintiff's employer employed three or more employees and whether plaintiff suffered a specific traumatic incident as alleged.
6. Plaintiff is seeking medical expenses of $4,200.00 and temporary total disability for three weeks.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On September 2, 1999, plaintiff was employed by defendant-employer as a Mechanic. In addition to plaintiff, defendant employed only one other employee, Jeff Segman.
2. Plaintiff alleges that Charles Johnson was the third employee employed by defendant. However, Charles Johnson was a volunteer who was not paid. Mr. Johnson was mentally disabled from injuries suffered in automobile accident and was receiving disability payments. Mr. Johnson was allowed to "hang around" but did not perform any duties except for occasional sweeping or making coffee, which he sometimes chose to do. Mr. Johnson was given a uniform shirt by Mr. Jennings who wanted to make Mr. Johnson feel welcome. Mr. Johnson was never given specific work hours.
3. On September 2, 1999, plaintiff claims that he injured his back while employed by defendant-employer. However, plaintiff reported no such injury. Furthermore, plaintiff last worked for defendant-employer on August 27, 1999.
4. Based on plaintiff's testimony at the hearing before the Deputy Commissioner and the observations of the Deputy Commissioner, plaintiff's testimony regarding the alleged back injury is not credible.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On September 2, 1999, defendant did not employ three (3) or more regular employees and therefore was not subject to and bound by the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(l).
2. Having three (3) or more regular employees is a jurisdictional prerequisite. Consequently, since this prerequisite is not met in the instant case, defendant is not subject to the jurisdiction of the Commission. N.C. Gen. Stat. § 97-2.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 *********** ORDER
1. Plaintiff's claim in this matter must be, and the same is hereby DISMISSED WITH PREJUDICE for lack of jurisdiction.
2. Each side shall pay its own costs.
This the ___ day of November 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER